UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM D. COOK,

      Petitioner,

                          Case No. 8:10-Cv-252-T-24TGW
                                  8:05-Cr-404-T-24TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

### O R D E R

    This cause comes on for consideration of Petitioner's filing styled "Memorandum and Brief in Support of Application Seeking Relief Pursuant to Title 28 U.S.C. § 2255"[1] (Cv-D-1; Cr-D-98), the Government's Response (Cv-D-6), and Petitioner's reply (Cv-D-7).

    By way of background, on November 6, 2006, Petitioner pled guilty to Count Four of an Indictment alleging distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). A Presentence Investigation Report was prepared prior to sentencing. Based on the amount of drugs, Petitioner's base offense level was 34. He had nine criminal history points for a criminal history Category IV. However, because Petitioner had two prior felony convictions which were considered crimes of violence (manslaughter with a firearm and

---

[1] While Petitioner states that his filing is in support of an "application seeking to vacate the 'enhancement' portion of his sentence," the Court has never received a separate motion or "application."

resisting arrest with violence), Petitioner was considered a career offender pursuant to U.S.S.G. § 4B1.1.  (PSI ¶ 31.)  As such, Petitioner's enhanced offense level, after a two-level reduction for acceptance of responsibility, was 35.  His criminal history category became VI.  Petitioner's guideline sentencing range was 292 to 365 months.

Petitioner appeared for sentencing on February 7, 2007. Petitioner's attorney, Edward Liebling, Esquire, admitted that the guideline calculation was correct, but argued for a downward departure.  (Cr-D-89, p. 4-18.)  While admitting that Petitioner qualified as a career offender, counsel argued that his criminal history was overrepresented.  (Id. at p. 9.)  The Court in imposing sentence, explained as follows:

> The Court is aware that this conduct of successive buys on the part of the Government has been held not to be sufficient "sentencing manipulation" to justify a downward departure, nor does the Court propose a downward departure on that basis.

> The Court does, however, conclude that the fact is a part of the "major circumstances of the offense," which is first among the factors set forth in Section 3553 for the Court to consider in imposing a reasonable sentence.

> The history and characteristics of the defendant are also relevant to the reasonableness issue.  Here we have a young man who when 18 years of age committed both offenses, which now, some 15 years later at age 33, form the predicate for a career offender status.

> While the defendant is no stranger to law enforcement, he has managed to avoid any serious infractions for the past two plus years prior to this event.  He has shown a solid employment record from 1999 through 2004, and has accepted responsibility for his present situation.

The Court concludes that based on a full consideration of the factors set forth in Section 3553 that notwithstanding the guidelines calculation of an enhanced Offense Level of 35, and an enhanced Criminal History Category of VI, yielding a range of 292 to 365 months, that sentence within that range would be unreasonable.

To sentence the defendant to the low end of the unenhanced term of 235 months, which is almost 20 years, is in the view of this Court a sufficient but not greater than necessary sentence to accomplish the statutory purposes of sentencing, and that such a sentence will fulfill the letter and the spirit of the Section 3553 factors and provide a just sentence for the defendant. The sentences available range from 235 months to 365 months. That is considering unenhanced and enhanced sentencings. In light of the overall circumstances of this case, a sentence of 235 months, that is almost 20 years, is a reasonable sentence. Any of the remaining alternatives would in the view of the Court be excessive, unnecessary, and counterproductive.

(Cr-D-89, p. 21-23.)

The Court, as such, sentenced Petitioner to a term of imprisonment of 235 months to be followed by a five-year term of supervised release. Petitioner appealed. On August 1, 2007, the Eleventh Circuit affirmed his sentence. Cook v. United States, 230 Fed. Appx. 948 (11th Cir. 2007) (per curiam).

Petitioner filed his motion seeking to correct his sentence on January 14, 2010.[2] Petitioner contends that he is innocent of the career offender enhancement pursuant to U.S.S.G. § 4B1.1 because

---

[2] Petitioner's motion includes a certificate of service in which Petitioner states that he placed his motion in the institutional mailing system on January 14, 2010. (Cv-D-1, p. 9.) As such, the Court utilizes that date as the filing date. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (pursuant to the mailbox rule, motion to vacate is considered filed when petitioner delivered it to prison authorities for mailing).

his manslaughter conviction does not constitute a "crime of violence." He argues that, as a result, his sentence was imposed in violation of the Constitution and further, is in excess of the maximum allowed by law. Petitioner further argues that his counsel rendered ineffective assistance in failing to argue at sentencing that Petitioner's manslaughter conviction did not constitute a crime of violence for purposes of the career offender enhancement.

The Government responds that Petitioner's motion is untimely because it was not filed within one year of when his judgment became final. It further claims that the exception set forth in 28 U.S.C. § 2255(f)(3) is not applicable because Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 129 S.Ct. 687 (2009), have not been made retroactively applicable to cases on collateral review. Alternatively, the Government argues that Petitioner procedurally defaulted his claim as he failed to argue it at sentencing or on direct appeal. The Government continues that Petitioner has not shown cause and prejudice necessary to overcome the procedural bar nor has he shown that he is actually innocent. The Government also claims that Petitioner's challenge to the career offender enhancement is not cognizable in a § 2255 proceeding. Finally, the Government argues that neither Begay nor Chambers establish that manslaughter with a firearm is not a crime of violence, and that Petitioner was correctly sentenced as a career offender.

4

On April 10, 2010, Petitioner filed a reply brief in which he argues that his motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of <u>Chambers</u>.  He claims his failure to raise the career offender issue on appeal is excused. Petitioner additionally asserted, for the first time, that his conviction for resisting an officer with violence is also not a crime of violence.  In doing so, he relies on <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010).

Because Petitioner's reply brief addressed claims not previously addressed by the Government, the Court allowed the Government an opportunity to respond.  On January 4, 2011, the Government filed its sur reply.  The Government argues that Petitioner is not factually innocent of the crime of resisting an officer with violence, and that, further, the Florida offense of resisting an officer with violence constitutes a crime of violence for career offender enhancement purposes.

### DISCUSSION

Petitioner's motion attacks the Court's classification of Petitioner as a career offender for sentencing purposes.  A defendant is a career offender if (1) the defendant is 18 years at the time he committed the offense; and (2) the offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two previous convictions of either crimes of violence or controlled substance

offenses.   U.S.S.G.  § 4B1.1(a).   Section 4B1.2 defines "crime of
violence" as follows:

> any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that --
>
> (1)  has as an element the use, attempted use, or
>      threatened use of physical force against the person
>      of another or
>
> (2)  is burglary of a dwelling, arson, or extortion,
>      involves use of explosives, or otherwise involves
>      conduct that presents a serious potential risk of
>      physical injury to another.

U.S.S.G.  § 4B1.2(a).   The Commentary to this guideline specifies
that:

> "Crime of violence" includes murder, manslaughter,
> kidnapping, aggravated assault, forcible sex offenses,
> robbery, arson, extortion, extortionate extension of
> credit, and burglary of a dwelling.   Other offenses are
> included as "crimes of violence" if (A) that offense has
> an element the use, attempted use, or threatened use of
> physical force against the person of another, or (B) the
> conduct set forth (i.e., expressly charged) in the count
> of which the defendant was convicted involved the use of
> explosives (including any explosive materials or
> destructive device) or, by its nature, presented a
> serious potential risk of physical injury to another.

U.S.S.G.  § 4B1.2 Application Note 2.

Whether an offense constitutes a "crime of violence" has been
a source of contention among the courts.   The controlling law
requires use of a categorical approach in determining whether an
offense constitutes a crime of violence under the Sentencing
Guidelines.   Taylor v. United States, 495 U.S. 575 (1990).   In
doing so, the court considers the fact of conviction and the

statutory elements of the offense rather than considering the underlying facts of the specific violation. United States v. Ramirez-Garcia, 646 F.3d 778, 782-83 (11th Cir. 2011), pet. for cert. filed Oct 4, 2011.

If a statute encompasses both conduct that constitutes a violent felony and conduct that does not, the court uses the modified categorical approach. Shepard v. United States, 544 U.S. 13, 23 (2005). This approach allows the court to consider the charging documents, the plea agreement, transcripts of the plea hearing, or a "comparable judicial record" to determine which part of the statute was the basis for the conviction. Id. at 26. The court can also consider factual findings in the Presentence Investigation Report if the defendant does not dispute them. United States v. Beckles, 565 F.3d 832, 844 (11th Cir.), cert. denied, 130 S.Ct. 272 (2009).

While Begay, Chambers, and Johnson analyzed the definition of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b)(I)-(ii), the definitions of "violent felony" and "crime of violence" are "virtually identical." United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (citation omitted), cert. denied, 131 S. Ct. 1783 (2011). As such, the courts may rely on decisions applying the ACCA in determining whether an offense constitute a crime of violence the Sentencing Guidelines. Id.

## I.   TIMELINESS

Petitioner's motion is untimely.  There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts.  28 U.S.C. §§ 2244(d)(1), 2255.  Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).  "[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."  Clay v. United States, 537 U.S. 522, 532 (2003).

In the instant case, Petitioner did not file a petition for writ of certiorari.  A petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal.  See Sup.Ct. R. 13(3).  Petitioner's conviction therefore became final on October 30, 2007, 90 days after the Eleventh Circuit's affirmance of Petitioner's conviction and sentence.  Petitioner had until October 30, 2008, to file his § 2255 motion.  Petitioner is therefore time-barred because he filed the instant § 2255 motion on January 14, 2010, which is clearly past the one year grace period.

The Court notes that Petitioner argues for the applicability of the exception set forth in 28 U.S.C. § 2255(f)(3), which provides that the statute of limitations runs from "the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner contends that his challenges are predicated upon the Supreme Court's decisions in Begay, decided on April 16, 2008, and Chambers, which was decided on January 13, 2009.

In Begay, the Supreme Court established a new standard for determining whether a prior conviction qualifies as a "violent felony" under "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court explained that first the court considers "the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay, 553 U.S. 141 (citing Taylor v. United States, 495 U.S. 575, 602 (1990)). After concluding that New Mexico's crime of driving under the influence of alcohol involves conduct that "presents a serious potential risk of physical injury to another," the Court found it fell outside the scope of the residual clause because "[i]t is simply too unlike the provision's listed examples for us to believe that Congress intended the provisions to cover it." Id. at 142.

The Court explained that, "the provisions's listed examples- burglary, arson, extortion or crimes involving the use of explosives - illustrate the kinds of crimes that fall within the

statute's scope.  Their presence indicates that the statute covers only similar crimes, rather than every crime that 'presents a serious potential risk of physical injury to another.'" Id.  The Court decided it needed to "read the examples as limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Id. at 143.  The Court found that DUI differs from burglary, arson, extortion and crimes involving the use of explosives in that the latter crimes involve purposeful, violent and aggressive conduct and that such conduct "makes it more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim. Id. at 145.

    In Chambers, the Supreme Court found that "failure to report" for penal confinement was not a "violent felony" under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  The Court explained, "[c]onceptually speaking, the crime amounts to a form of inaction, a far cry from the 'purposeful, violent and aggressive conduct' potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." 129 S. Ct at 692 (citation omitted).  The Court relied on a United States Sentencing Commission report that showed that in 160 cases of failure to report, none involved violence during the commission of the offense or the offender's later apprehension.  Id.

The Eleventh Circuit has yet to determine whether either <u>Begay</u> or <u>Chambers</u> is retroactive.  Even assuming <u>Begay</u> and <u>Chambers</u> were retroactive, Petitioner filed his motion more than one year after the <u>Begay</u> and <u>Chambers</u> decision.  Petitioner has not demonstrated that equitable tolling is appropriate.  "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control."  <u>Drew v. Dept of Corrections</u>, 297 F.3d 1278, 1287 (11th Cir. 2002), <u>cert.</u> <u>denied</u>, 537 U.S. 1237 (2003).  There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time.  As Petitioner's motion is untimely, the Court lacks jurisdiction to consider Petitioner's claims.

## II.  PROCEDURAL DEFAULT

Even if Petitioner's motion were not untimely, his claim that he was erroneously sentenced as a career offender would be procedurally defaulted.  Petitioner failed to argue at either sentencing or on direct appeal that his prior convictions for manslaughter with a firearm and resisting an officer with violence were not crimes of violence.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."  <u>Lynn v. United States</u>, 365

F.3d 1225, 1234 (11th Cir. 2004) (per curiam).  "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development."  Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam).  In order to excuse his procedural default, Petitioner must show either (1) cause for failing to raise the issue on direct appeal and resulting prejudice from the error; or (2) a fundamental miscarriage of justice by demonstrating that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Lynn, 365 F.3d at 1234.

Petitioner's claim that his prior convictions do not qualify as "crimes of violence" was available on direct appeal.  In an attempt to overcome procedural default, Petitioner claims lack of jurisdiction, actual innocence and a fundamental miscarriage of justice as well as violation of due process.

## A. Lack Of Jurisdiction

Petitioner claims that the Court lacked jurisdiction to sentence him as a career offender and that jurisdictional claims cannot be procedurally defaulted.  Petitioner fails to recognize that jurisdictional challenges are not exempt from the one-year limitations period.  Williams v. United States, 383 Fed. Appx. 927 (11th Cir.) (per curiam)(unpublished), cert. denied, --- U.S. ----,

12

131 S.Ct. 846 (2010).[3]  As Petitioner did not file his § 2255 motion within the one-year statute of limitations, his jurisdictional argument is barred by § 2255(f).

**B.   Miscarriage of Justice due to Actual Innocence**

The Court easily disposes of Petitioner's claim of actual innocence.  Just last month, the Eleventh Circuit in McKay v. United States, ––– F.3d ––––, 2011 WL 4389641 (11th Cir. Sept 22, 2011), found that the actual innocence exception does not apply to claims of legal innocence and therefore does not excuse procedural default.  The court explained:

> Just like the movant in Pettiford[4] McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon.  In other words, he makes no claim of *factual* innocence of the predicate offense.  No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

McKay, at *7.

Similarly, Petitioner does not contend that he did not commit the crimes of manslaughter and resisting arrest with violence. Rather, Petitioner disputes the legal classification of those

---

[3] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

[4] United States v. Pettiford, 612 F.3d 270 (4th Cir.), cert. denied, 131 S.Ct. 620 (2010) (footnote not in original).

offenses as crimes of violence.   The actual innocence exception does not apply to such a claim and does not excuse Petitioner's failure to raise the claim on direct appeal.

**C.   Due Process**

Petitioner next contends his procedural default is excused because he has established a due process violation.   Petitioner contends the Court relied on false or unreliable information in sentencing him.

A defendant has a due process right not to be sentenced based on false or unreliable evidence.   <u>United States v. Ghertler</u>, 605 F.3d 1256, 1269 (11th Cir. 2010).   To prevail on such a claim, a defendant must show (1) the challenged evidence was materially false; and (2) the challenged evidence actually served as a basis for the sentence.   <u>Id.</u>   Petitioner fails to meet this test.   The evidence relating to his prior convictions was not materially false.   The criminal judgments demonstrate that Petitioner was indeed convicted of the offenses.   Additionally, Petitioner's sentence was below the statutory maximum of life imprisonment.

**D.   Cause and Prejudice**

Finally, construing Petitioner's filings liberally, they can be read to allege ineffective assistance of counsel as cause for failing to challenge the designation of his prior convictions as crimes of violence.

In order to show ineffective assistance of counsel, Petitioner

must show constitutionally deficient performance on behalf of his attorney. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Court must determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment. <u>Id.</u>

A counsel's performance is deficient if, given all the circumstances, his or her performance falls outside of accepted professional conduct. <u>Strickland</u>, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." <u>Chandler v. United States</u>, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting <u>Strickland</u>, 466 U.S. at 689 and <u>Darden v. Wainwright</u>, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." <u>Chandler</u>, 218 F.3d at 1315.

As indicated, Petitioner argues his counsel failed to object to the classification of his prior crimes as crimes of violence at sentencing. Petitioner's counsel's failure to so was not

unreasonable.   At the time of Petitioner's sentencing, it was assumed the crimes were crimes of violence.  See United States v. Venta, 255 Fed. Appx. 469 (11th Cir. 2007) (per curiam) (the district court did not err in finding a third conviction for resisting arrest with violence under Fla. Stat. § 843.01 qualified defendant as armed career criminal); United States v. Boese, 187 F.3d 638 (6th Cir. 1999) (Table in Westlaw) (the court rejected defendant's contention that his prior crimes, which included resisting officer with violence under Fla. Stat. § 843.01, were not serious violent felonies.)  Also, the commentary of the Guidelines specifically enumerates manslaughter as a crime of violence. U.S.S.G. § 4B1.2, comment (n. 1) ("'Crime of violence' includes murder, manslaughter ....")  The Eleventh Circuit had previously determined that being a listed offense was sufficient to qualify as a crime of violence.  United States v. Funetes-Rivera, 323 F.3d 869, 871 (11th Cir. 2003) (the court found "because the Sentencing Commission enumerated burglary of a dwelling in Application Note 1(B)(ii)(II), despite its lack of an element regarding physical force, and because an alternative reading would render the subpart (II) mere surplusage, the district court did not err in determining that burglary of a dwelling was a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).)

An attorney cannot be found to be constitutionally deficient in failing to anticipate a change in the law.  United States v.

16

Ardley, 273 F.3d 991, 993 (11th Cir. 2001).  Moreover, Petitioner fails to show prejudice as, for the reasons stated below, his offenses qualify as crimes of violence.

### 1.   Manslaughter is a Crime of Violence

It is undisputed that Petitioner was convicted of manslaughter with a firearm in 1993.  Florida defines the crime of manslaughter in pertinent part as follows:

> (1) The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084.
>
> . . . .

Fla. Stat. § 782.07(1).  The use of a firearm, while not an element of manslaughter, reclassifies the manslaughter offense from a second-degree felony to a first-degree felony.  See id., Fla. Stat. § 775.087(1)(a).

Last year, the Fifth Circuit determined that the Florida offense of manslaughter is a crime of violence under U.S.S.G. § 2L1.2.  United States v. Chan-Gutierrez, 368 Fed. Appx. 536 (5th Cir. March 2, 2010) (per curiam).  The court first found that while the sentencing guideline comments enumerated manslaughter as a crime of violence, the offense did not necessarily qualify as one. Chan-Gutierrez, 368 Fed. Appx. at 537.  The court explained that

17

the crime must encompass behavior included in the "generic, contemporary" meaning of manslaughter. The court then explained that the minimal mens rea necessary for generic contemporary manslaughter is recklessness, which requires "proof of conscious disregard of perceived homicidal risk." Id. at 537-38. The court found that the least culpable act under the Florida manslaughter statute is manslaughter by culpable negligence. The court reasoned:

> Although the statute does not define culpable negligence, Florida courts have consistently defined culpable negligence under the manslaughter statute as: (1) of gross and flagrant character, evincing reckless disregard of human life or of safety of persons exposed to its dangerous effects; (2) the entire want of care which would raise a presumption of indifference to consequences; (3) such wantonness or recklessness or grossly careless disregard of safety and welfare of the public; or (4) the reckless indifference to the rights of others, which is equivalent to an intentional violation of them.

Id. at 558 (citations omitted). The court, relying on Charlton v. Wainwright, 588 F.2d 162, 164 (5th Cir. 1979), reasoned that "Florida has defined culpable negligence to involve a state of mind so wanton or reckless that the behavior it produces may be regarded as intentional." The court therefore found that the "Florida manslaughter statute does not punish any conduct beyond that covered by 'generic, contemporary' manslaughter...." and, as such, the defendant's manslaughter conviction constituted a crime of violence. Id. at 538-39.

The court in Johnson v. United States, No. 09-20996-CIV, 2010

WL 48111075 (S.D. Fla. Nov. 19, 2010), addressed whether Florida manslaughter constitutes a crime of violence under U.S.S.G. § 4B1.2.  The court found that the crime qualifies as a predicate offense for career offender status regardless of which prong of the manslaughter statute applies.  The court reasoned that the requirement of "'wantonness or recklessness' that is practically intentional meets <u>Begay's</u> requirement that a predicate offense be 'roughly similar, in kind as well as in degree of risk posed, to the examples' listed in the Guidelines.  <u>Johnson</u>, at *4 (citing <u>Begay</u>, 553 U.S. at 143).

The Court agrees with the reasoning of the foregoing courts and finds that manslaughter under Fla. Stat. § 782.07 is a crime of violence for purposes of the career offender enhancement.  As manslaughter constitutes a crime of violence, petitioner has failed to show prejudice resulting from his counsel's failure to object to the classification of this offense.

### 2.   RESISTING ARREST WITH VIOLENCE

Petitioner argues in his reply brief that the Florida crime of resisting arrest with violence, Fla. Stat. § 843.01, is not a crime of violence under U.S.S.G. § 4B1.2.

Florida law provides in pertinent part:

Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree....

Fla. Stat. § 843.01.  "Offering" to do violence means "threatening to do violence."  In Re Standard Jury Instructions in Criminal Cases, 996 So.2d 851, 852 (Fla. 2008).  One of the elements of the offense includes that the defendant knowingly and willfully resisted, obstructed, or opposed a law enforcement officer by offering to do violence or doing violence.  See id.

The Eleventh Circuit has found that resisting arrest constitutes a violent felony under the Armed Career Criminal Act. United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010) (per curiam), cert. denied, ---- S.Ct. ----, 2011 WL 4534347 (Oct. 3, 2011).  Additionally, the Eleventh Circuit recently found that resisting arrest with violence in violation of Fla. Stat. § 843.01 constitutes a crime of violence for purposes of § 4B1.2(a)(2). Robinson v. United States, No. 10-12289, 2011 WL 4494782, at *1 (11th Cir. Sept. 29, 2011) (per curiam); United States v. Baptiste, No. 10-15864, 2011 WL 3427714, at *1 (11th Cir. Aug. 8, 2011)(per curiam); United States v. Williams, No. 10-14369, 2011 WL 2749683, at *4 (11th Cir. July 13, 2011) (per curiam); United States v. Canty, No. 10-10532, 2011 WL 2471402, at *1 (11th Cir. June 21, 2011), pet. for cert. filed, Sept. 19, 2011.

As resisting arrest with violence qualifies as a crime of violence, Petitioner has failed to show that his counsel was ineffective in failing to challenge the designation of this conviction or any resulting prejudice.  Petitioner therefore is not

entitled to relief as to his claim of ineffective assistance of counsel.  Nor does his claim of ineffective assistance of counsel excuse his procedural default of his sentencing enhancement claims.

## EVIDENTIARY HEARING

Petitioner has failed to demonstrate the need for such an evidentiary hearing.  The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel.  <u>Diaz v. United States</u>, 930 F.2d 832, 834 (11th Cir. 1991).  Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

It is therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV-D-1) is DENIED.

2)   The Clerk is directed to enter judgment in favor of the Government and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district

court must first issue a certificate of appealability (COA).  Id.
 "A [COA] may issue … only if the applicant has made a substantial
showing of the denial of a constitutional right."  Id. at §
2253(c)(2).  To make such a showing, defendant "must demonstrate
that reasonable jurists would find the district court's assessment
of the constitutional claims debatable or wrong," Tennard v.
Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529
U.S. 473, 484 (2000)), or that "the issues presented were 'adequate
to deserve encouragement to proceed further,'" Miller-El v.
Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle,
463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the
requisite showing in these circumstances.  Finally, because
Petitioner is not entitled to a certificate of appealability, he is
not entitled to appeal in forma pauperis.

    DONE AND ORDERED at Tampa, Florida this 9th day of November,
2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE